UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**CHRISTOPHER HOLLY,**

     **Plaintiff,**

**v.**                                                                                    **Case No: 5:18-cv-513-Oc-30PRL**

**WINDSTREAM HOLDINGS, INC.**

     **Defendant.**

---

## REPORT AND RECOMMENDATION[1]

On October 4, 2018, Plaintiff Christopher Holly initiated this action by filing a one-count Complaint against Defendant Windstream Holdings, Inc. for breach of the parties' arbitration agreement. (Doc. 1). In the instant motion (Doc. 2), Plaintiff seeks to proceed *in forma pauperis*. As discussed below, Plaintiff's motion should be denied and his Complaint should be dismissed because the Court lacks subject matter jurisdiction over his claims.

An individual may be allowed to proceed *in forma pauperis* if he declares in an affidavit that he "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). However, before a plaintiff is permitted to proceed *in forma pauperis*, the Court is obligated to review the complaint to determine whether it is frivolous, malicious, "fails to state a claim upon which relief may be granted[,]" or ... "seeks monetary relief against a defendant who is immune from such

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B); Local Rule 6.02. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

relief." *Id.* § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the suit *sua sponte. Id.*

Jurisdiction is a threshold issue in any case pending in United States district court.   Indeed, federal courts are courts of limited jurisdiction, which are "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of So. Ala. v. American Tobacco Co.,* 168 F.3d 405, 409 (11th Cir.1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir.1994)). "[A] court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." *Smith v. GTE Corp.,* 236 F.3d 1292, 1299 (11th Cir.2001). This inquiry should be done at the earliest stage in the proceedings and *sua sponte* whenever subject matter jurisdiction may be lacking. *University of S. Ala. v. American Tobacco Co.,* 168 F.3d 405, 410 (11th Cir.1999). "[O]nce a court determines that there has been no [jurisdictional] grant that covers a particular case, the court's sole remaining act is to dismiss the case for lack of jurisdiction." *Morrison v. Allstate Indem. Co.,* 228 F.3d 1255, 1261 (11th Cir.2000).

Federal jurisdiction is based on either diversity of citizenship jurisdiction or federal question jurisdiction. Diversity of citizenship jurisdiction requires that the action be "between ... citizens of different States...." and the matter in controversy must exceed the sum or value of $75,000.00. 28 U.S.C. § 1332(a)(1). Here, while Plaintiff alleges that the parties are citizens of different states, he fails to allege any facts supporting the requisite amount in controversy.   Indeed, to the contrary, Plaintiff alleges that the arbitration agreement requires Defendant to pay all necessary filing fees "[f]or any non-frivolous claim that **does not** exceed $75,000," and that by failing to pay the filing fees, Defendant breached the agreement. Complaint at ¶¶ 8, 9. Accordingly,

diversity of citizenship jurisdiction does not exist. Likewise, federal question jurisdiction does not exist because Plaintiff's breach of contract claim does not arise under the Constitution, federal law, or treaties of the United States. 28 U.S.C. § 1331.[2]

Accordingly, Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) should be denied and his Complaint should be dismissed.

Recommended in Ocala, Florida on October 12, 2018.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

---

[2]  Although not raised by Plaintiff, the Federal Arbitration Act ("FAA") is not itself a direct grant of jurisdiction over disputes related to arbitration agreements. Indeed, the FAA has been referred to as "'something of an anomaly,'" as it "'bestow[s] no federal jurisdiction but rather requir[es] [for access to a federal forum] an independent jurisdictional basis" over the parties' dispute." *Vaden v. Discover Bank*, 556 U.S. 49, 59 (2009) (quoting *Hall Street Associates, L.L.C. v. Mattel, Inc.,* 552 U.S. 576, 582 (2008)) (emphasis added).